ORIGINAL

FLORENCE T. NAKAKUNI      #2286
United States Attorney
District of Hawaii

THOMAS J. BRADY          #4472
Chief, Criminal Division

DARREN W.K. CHING        #6903
Assistant U.S. Attorney
PJKK Federal Bldg., Room 6-100
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Darren.Ching@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 28 2016

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. 16-00201 HG |
|---|---|
| Plaintiff, | ) MEMORANDUM OF PLEA AGREEMENT |
| vs. | ) |
| MICHAEL LUIS, | ) DATE: June 28, 2016 |
| Defendant. | ) TIME: 1:30 p.m. |
| | ) JUDGE: Kenneth J. Mansfield |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the defendant, MICHAEL LUIS ("Defendant"), and his attorney, MEGAN KAU, Esq., have agreed upon the following:

1. Defendant acknowledges that he has been charged in a three count Indictment with:

a. Count 1 = Dealing in Explosive Materials Without a License in violation of 18 U.S.C. § 842(a)(1).

b. Counts 2 and 3 = Distribution of Explosive Materials by a Non-Licensee and Non-Permittee to a Non-Licensee and Non-Permittee in violation of 18 U.S.C. § 842(a)(3)(B).

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney.

3. Defendant fully understands the nature and elements of the crimes with which he has been charged.

4. Defendant will enter a voluntary plea of guilty to Count 1 of the Indictment charging him with Dealing in Explosive Materials Without a License in violation of 18 U.S.C. § 842(a)(1).  Pursuant to Federal Rules of Criminal Procedure Rule 11(c)(1)(A), the government agrees not to charge Defendant with any potential crimes arising out of the December 28, 2012 recovery of items from his home, as described in paragraph 8.  This includes approximately 35 grams of cocaine and 507 grams of marijuana (possession with the intent to distribute in violation of 21 U.S.C. § 841(a)(1)) and three firearms: Mossberg Model 500A 12 gauge serial number L976179, Kel Tec Model P3AT .380 caliber pistol serial number JU898, and Hi-Point Model JHP .45 caliber pistol serial number 496596 (use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) and/or unlawful user of a controlled

substance in possession of a firearm in violation of 18 U.S.C. § 922(g)(3)). The government's concession not to charge these potential crimes does not limit its ability to argue that these items can be considered as part of Defendant's relevant conduct. Additionally, pursuant to Federal Rules of Criminal Procedure Rule 11(c)(1)(A), the government agrees to move to dismiss Counts 2 and 3 of the Indictment after Defendant is sentenced. Defendant acknowledges that although he will not be pleading guilty to Counts 2 and 3 of the Indictment, as described in paragraph 8, such conduct will be considered relevant conduct by the Court at sentencing, and will be included in the Court's determination of the offense level calculations.

    5. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

    6. Defendant enters this plea because he is in fact guilty of Dealing in Explosive Materials Without a License in violation of 18 U.S.C. § 842(a)(1) as charged in Count 1 of the Indictment, and agrees that his plea is voluntary and not the result of force or threats.

    7. Defendant understands that the penalties for the offense to which he is pleading guilty include:

        a. up to ten (10) years of imprisonment,

        b. a fine of up to $250,000, and

      c.   a term of supervised release of not more than three years.

Additionally, the Court must impose a $100 special assessment as to the count to which Defendant is pleading guilty.

    8.   Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

      a.   On December 11, 2012, an undercover agent ("UC") contacted Jubahl Hashimoto to purchase 1.3g type display fireworks shells. Hashimoto informed the UC that he could pick them up the next day at Hashimoto's business. Agents conducted surveillance on Hashimoto at his business and followed him to Defendant's house. There, Hashimoto conversed with Defendant, who loaded two boxes and a plastic grocery bag in Hashimoto's car, which contained at least six 5-inch shells of 1.3Gg type display fireworks, which were explosive materials as defined in 18 U.S.C. § 841(d).

      b.   On December 12, 2012, the UC met at Hashimoto's business. Hashimoto opened a box and showed the UC the same six 5-inch shells of 1.3g type display fireworks, which he received from Defendant that were explosive materials as defined in 18 U.S.C. § 841(d).

      c.   On December 22 and 26, 2012, the UC exchanged text messages and phone calls with Hashimoto discussing the purchase of more fireworks. Hashimoto text messaged the UC saying, "My partner

sold the rest of the 5s (shells)." They then exchanged several more text messages.

   d. On December 26, 2012, at approximately 6:00 p.m., the UC called Hashimoto and told him that he wanted to purchase five 6-inch shells. The UC asked Hashimoto, "um, what you gotta go get em at your warehouse?" to which Hashimoto replied, " yeah, I have to go over there tonight anyway" and then agreed to call the UC back when he had the merchandise.

   e. Federal agents were conducting surveillance at Hashimoto's business at the time the UC placed the call to Hashimoto. Hashimoto left his business and travelled to Defendant's house arriving at approximately 7:15 p.m. Hashimoto entered Defendant's garage area and the garage door was shut. At approximately 7:59 p.m., the UC called Hashimoto. Hashimoto told the UC that he had what the UC wanted and that he was in Hawaii Kai. The UC told him that they could meet near Kahala Mall. At approximately 8:02 p.m., agents observed the garage door of the residence open at which time, Hashimoto and Defendant exited the residence. Hashimoto was carrying a cardboard box and put it in the back of his SUV.

   f. At approximately 8:25 p.m., the UC met with Hashimoto in the parking lot of the Kahala Chevron Gas Station. The UC observed several tan colored boxes all of which contained various types of fireworks - the 6-inch shells were in the same box as 4-inch shells. The UC paid Hashimoto $1,125.00, for the purchase of the five 6-inch

1.3g type display fireworks shells, which Hashimoto received from Defendant that were explosive materials as defined in 18 U.S.C. § 841(d).

      g.    On December 28, 2012, a search warrant was executed on Defendant's home and agents recovered *inter alia*:

- Nine (9) 6-inch 1.3g type display fireworks shells that were explosive materials as defined in 18 U.S.C. § 841(d)
- One (1) 5-inch 1.3g type display fireworks shells that were explosive materials as defined in 18 U.S.C. § 841(d)
- Four hundred thirty two (432) 1.6-inch 1.3g type display fireworks shells that were explosive materials as defined in 18 U.S.C. § 841(d)
- Payee Sheets (documenting transactions for explosives with Hashimoto and others)
- Three firearms: Mossberg Model 500A 12 gauge serial number L976179, Kel Tec Model P3AT .380 caliber pistol serial number JU898, and Hi-Point Model JHP .45 caliber pistol serial number 496596
- Drugs (cocaine (approximately 35 grams) and marijuana (approximately 506 grams))

      h.    On December 26, 2012, agents interviewed Hashimoto, who stated *inter alia*:

- Since 2004/2005 when he first started buying and selling illegal fireworks until 2012, Hashimoto had been getting them from Defendant.
- Defendant fronts illegal fireworks to Hashimoto then Hashimoto pays Defendant later.
- Defendant provided Hashimoto with a pricelist of fireworks that Defendant had in his home

      i.    Defendant had never been issued a license under Title 18, United States Code Chapter 40, in other words, Defendant did not have a license, issued by the Attorney General, allowing him

to act as a dealer in explosive materials as defined by 18 U.S.C. § 841(d).

9. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which Defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and §6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

    a. Factual stipulations

Paragraph 8 of this plea agreement is hereby incorporated by reference.

    b. Offense level stipulations

None.

    c. Sentencing Stipulations

None.

    d. The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant.

Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline §3E1.1(b)(2), if Defendant is otherwise eligible. Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

12. Pursuant to §6B1.4 of the Sentencing Guidelines, the parties identify the following facts that are in dispute for the purpose of sentencing of Defendant in connection with this matter: None at this time.

13. Defendant is aware that he has the right to appeal his conviction and the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives, except as indicated in subparagraph "b" below, the right to appeal his conviction, the right to appeal any sentence imposed within the

maximum provided in the statute(s) of conviction, and the right to appeal the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

    a.  Defendant also waives his right to challenge his conviction, the right to challenge the sentenced imposed, and the right to challenge the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that Defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

    b.  If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to Defendant, Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

    c.  The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

14.  Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines.

Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

15. Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

16. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. If Defendant persisted in a plea of not guilty to the charges against him he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

    b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective

jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

    c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of Defendant's guilt beyond a reasonable doubt.

    d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    e. At a trial, Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

17. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph.

Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

18. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

19. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

20. Defendant further agrees to be bound by this Agreement and not to seek a withdrawal of the guilty plea that he intends to enter pursuant to this Agreement or to withdraw from this Agreement. The only exception is if the Court rejects this Agreement. In that situation, Defendant can withdraw from this Agreement (as well as his guilty plea) and the government cannot use any statements he made in this Plea Agreement or before the Court in pleading guilty. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement

since the Court is expressly not bound by stipulations between the parties.

21. If, after signing this Plea Agreement, Defendant nonetheless decides not to plead guilty as provided herein, or if Defendant pleads guilty but subsequently makes a motion before the Court to withdraw from this Plea Agreement and the Court grants that motion, Defendant agrees that any admission of guilt that he makes by signing this Plea Agreement or that he makes while pleading guilty as set forth in this Plea Agreement may be used against him in a subsequent trial if Defendant later proceeds to trial.  Defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Plea Agreement or during the course of pleading guilty when the guilty plea is later withdrawn.  The only exception to the principles set forth in this paragraph is where Defendant fully complies with this Plea Agreement but the Court nonetheless rejects it.  In that one situation, the government could not use Defendant's statements in its case.

\ \

\ \

\ \

\ \

\ \

22. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

DATED: Honolulu, Hawaii, _____JUN 2 8 2016_____.

AGREED:

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii


_____
THOMAS J. BRADY
Chief, Criminal Division

_____
DARREN W.K. CHING
Assistant U.S. Attorney

_____
MICHAEL LUIS
Defendant

_____
MEGAN KAU, Esq.
Attorney for Defendant

14